IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY D. JOHNSON, M22661, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 24-cv-1805-DWD |
| JOHN DOE 6, JOHN DOE 7, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Larry D. Johnson, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard) brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 2). The claim in this case concerning excessive force was severed from a broader complaint in case No. 24-cv-1385. Plaintiff has opted to proceed with this action. The Court now reviews just the portion of Plaintiff's complaint related to John Does 6 and 7, who are associated with the severed excessive force claim.

Plaintiff's Complaint (Doc. 2) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law

is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On February 14, 2024, Plaintiff alleges that John Doe 6 retaliated against him by turning off his water and toilet and deploying mace in his cell.  (Doc. 7 at 13).  He alleges identical conduct by John Doe 7 on February 28, 2024.  He claims he grieved these incidents, but his grievances came up missing, so he initiated a hunger strike on February 29, 2024, to draw more attention to his situation.  (Doc. 7 at 13-14).

Based on the allegations in the Complaint, the Court will adopt the previously designated excessive force claim, but will re-number it as Claim 1:

> **Claim 1:**     **Eighth Amendment excessive force claim against John Does 6 and 7 for their use of mace on February 14 and 28, 2024;**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

### Claim 1

An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The "core judicial inquiry" for an excessive force claim not the severity of the injury, but whether the force used was 'malicious and sadistic.' *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

Plaintiff's allegations against Defendants John Does 6 and 7 are sufficient to plausibly suggest that mace was deployed without a need to restore order or discipline. Alternatively, this claim could be viewed as cruel and unusual punishment. Under either theory, Plaintiff's allegations are sufficient to proceed. The Warden of Menard will be added to this case in his official capacity to assist with John Doe identification.

### Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 2) survives against Defendants John Doe 6 and 7. The Clerk of Court is **DIRECTED** to **ADD** the Warden of Menard to this lawsuit in his official capacity only for John Doe identification. The Warden does **NOT** need to file an answer to the complaint.

The Clerk of Court is **DIRECTED** to prepare for the Warden of Menard (official capacity only for John Doe identification): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 2), and this

Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

Plaintiff is **DIRECTED** to file a Notice within 30 days providing any information he has about the identity of John Does 6 and 7, such as their physical appearance, any nicknames, etc..  Once this Notice is filed, the Court will give the parties next steps to identify John Does 6 and 7.

**IT IS SO ORDERED.**

Dated:  October 10, 2024

DAVID W. DUGAN
United States District Judge

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.